# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Delphine Schrank, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No.: 1:14-cv-1573 |
| Aargon Agency, Inc.; The Bourassa Law Group, LLC; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

For this her Complaint, Plaintiff, Delphine Schrank, by undersigned counsel, states as follows:

### <u>JURISDICTION</u>

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

5. The Plaintiff, Delphine Schrank ("Plaintiff"), is an adult individual residing in Washington, District of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Aargon Agency, Inc. ("Aargon") is a Nevada business entity with an address of 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, Nevada 89169.

7. As its principal business, Aargon regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another.  As such, Aargon is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

8. Defendant, The Bourassa Law Group, LLC ("Bourassa" and together with Aargon collectively referred to as "Defendants") is a Nevada business entity with an address of 8668 Spring Mountain Road, Las Vegas, Nevada 89117, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

9. Does 1-10 (the "Collectors") are individual collectors employed by Defendants and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

10. Defendants at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

11. The Plaintiff allegedly incurred a financial obligation (the "Debt") to George Washington University Hospital (the "Creditor").

12. The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

13.     The Debt was a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

14.     Subsequently, the Debt went into arrears.

15.     Thereafter, the Debt was purchased, assigned or transferred to Defendants for collection, or Defendants was employed by the Creditor to collect the Debt.

16.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Defendants Engages in Harassing Debt Collection Tactics**

17.     Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

18.     During a phone conversation, Aargon's collectors did not identify the name of their company and further failed to tell Plaintiff that the reason for the calls was for debt collection purposes.

19.     On or about January 23, 2014, Bourassa sent Plaintiff written notice of validation of the Debt.

20.     Bourassa's written notice did not include the required statement informing Plaintiff of her rights to dispute the Debt under federal law, as stipulated by 15 U.S.C. § 1692g.

21.     Moreover, Bourassa's letter falsely created a belief in the Plaintiff that a person or agency other than Aargon was collecting the Debt.

**C.  Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

31.     The Defendants' conduct violated 15 U.S.C. § 1692j in that Defendants falsely designed, furnished and compiled a form that created a belief in the Plaintiff that a person or agency other than the Defendant was collecting the Debt.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

<u>**COUNT II**</u>
<u>**VIOLATION OF THE DCCPA - D.C. Code § 28-3814**</u>

34.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35.     The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of "consumer credit sales" under D.C. Code § 28-3814(a) (2001 ed., as amended).

36.     The Defendants are "debt collector[s]" as defined by D.C. Code § 28-3814(b)(3) (2001 ed., as amended).

37.     The Defendants' conduct violated D.C. Code § 28-3814(d)(2) (2001 ed., as amended), in that Defendants placed telephone calls without disclosure of the caller's identity or with the intent to harass or threaten the Plaintiff.

38.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the District of Columbia Fair Debt Collection Practices Act, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-3814(j)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Awarding the Plaintiff punitive damages against the named Defendants, jointly and severally, for their willful violations as is found appropriate pursuant to D.C. Code § 28-3814(j)(2); and

5. Granting Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 16, 2014

> Respectfully submitted,
>
> By:  __/s/ Jody Burton_____
>      Jody B. Burton, Esq.
>      Lemberg Law L.L.C.
>      1100 Summer Street, 3rd Floor
>      Stamford, CT 06905
>      Telephone: (203) 653-2250
>      Facsimile:  (203) 653-3424
>      Attorneys for Plaintiff